**Darryl Lloyd WHITE, Plaintiff–Appellant,**

v.

**Jim GIBBONS, Prison Commissioner; et al., Defendants–Appellees.**

No. 09–17657.

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2011.*

Filed May 3, 2011.

Darryl Lloyd White, Lovelock, NV, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rona–Kaye Tuitele, Las Vegas, NV, for Defendants–Appellees.

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

### MEMORANDUM **

Darryl Lloyd White, a Nevada state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir.2001), and we affirm.

■ The district court properly dismissed White's claim concerning rocks in the prison yard because White failed to allege personal involvement by any served defendant in maintaining the allegedly dangerous policy. *See Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation. . . .").

The district court properly dismissed White's second-hand smoke claim because White failed to allege that any defendant had knowledge of clandestine smoking and recklessly disregarded a risk presented by such exposure. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an exces-

sive risk to inmate health or safety[.]"); *see also Jones,* 297 F.3d at 934.

■ The district court properly dismissed White's claim regarding inadequate clothing because White failed to allege any serious harm based on the clothing provided. *See Farmer,* 511 U.S. at 837, 114 S.Ct. 1970.

■ The district court properly dismissed White's due process claim because White failed to allege that his property was confiscated in violation of law. *See* Nev.Rev.Stat. § 209.246 (allowing prison authorities to deduct certain monies from prisoner accounts); Nev.Rev.Stat. § 209.2475 (limiting prison authorities' ability to withdraw monies when the account balance is below a certain minimum); *cf. Vance v. Barrett,* 345 F.3d 1083, 1091 (9th Cir.2003) ("[T]he Due Process Clause protects inmates from *unauthorized* deductions." (emphasis added)).

The district court properly dismissed White's claims concerning price-fixing with the telephone company and racial discrimination because White failed to allege involvement by any served defendant. *See Jones,* 297 F.3d at 934.

We decline to address the named defendants whom the district court dismissed from the action for failure to serve process. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (issues not raised in the opening brief are generally waived).

White's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.